# Case No. 17,371.

## WELCH v. MANDEVILLE et al.

### [2 Cranch, C. C. 82.] 1

Circuit Court, District of Columbia. Nov. Term, 1813.2

#### PARTIES—PLEADING—DEMURRER.

A person for whose benefit an action is brought, but who does not appear to be a party

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reversed in 1 Wheat. (14 U. S.) 233.]

upon the record, nor to be interested in the cause, cannot come in and, in his own name, reply fraud and collusion between the legal plaintiff and defendant to defeat the action; and such a replication is bad upon demurrer.

Covenant to pay money for land sold to the defendants. The defendants pleaded that in a former suit between the same parties, for the same cause of action, such proceedings were had that "the said James Welch came into court, and acknowledged that he would not further prosecute his said suit, and from thence altogether withdraw himself." Whereupon the record states that Allen Prior, for whose use this action is brought, comes and says, &c., in substance, that Welch being indebted to him (Prior) in more than $8,707.09; and Mandeville and Jamesson being indebted in the sum of $8,707.09 to Welch, the latter, by an equitable assignment, for a full and valuable consideration, assigned the said $8,-707.09 to the said Prior in discharge of the debt to him, of which Mandeville and Jamesson had notice. That the suit was brought in the name of Welch for the use of Prior, with the knowledge of Mandeville. That the suit was "dismissed agreed," without the authority, knowledge, or consent of Prior, or his attorney; and that Mandeville knew that Welch had no authority from Prior to dismiss the suit. That the dismissal was procured by Mandeville with intent to defraud Prior, and that the entry and judgment thereon were made and entered by covin, collusion, and fraud; and that the said judgment was and is fraudulent. To this replication the defendant filed a general demurrer.

[See Case No. 17,370.]

E. J. Lee in support of the replication cited 2 Rolle, Abr. 46, G; Master v. Miller, 4 Term R. 341, 343; Corser v. Craig [Case No. 3,255]; Bright v. Eynon, 1 Burrows, 395; Maxwell v. Levi, 4 Dall. [4 U. S.] 330, 335; Simms v. Slacum, 3 Cranch [7 U. S.] 306.

Mr. Swann and Mr. Taylor, contra, contended that the replication could be only by the legal plaintiff; and that a stranger to the record could not intervene and plead that which the legal plaintiff would not be permitted to allege—his own fraud. That the only remedy which Prior had was to apply to the court to prevent the retraxit at the time it was offered. That to admit Prior's legal right to plead in the cause, is inconsistent with the rule of law that a chose in action is not assignable.

THE COURT (THRUSTON, Circuit Judge, absent) sustained the demurrer to the replication, because it was not made in the name of the legal plaintiff.

[The judgment of this court was reversed by the supreme court on a writ of error. 1 Wheat. (14 U. S.) 233.]